■ S.B. PENICK & COMPANY, Respondent, v BLUE COMET EXPRESS, INC., Appellant. — Judgment of the Supreme Court, New York County, entered January 28, 1980, and bringing up for review the intermediate order of December 11, 1979, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of reversing the order of December 11, 1979 and granting defendant leave to interpose the affirmative defense of limitation of liability, upon condition that defendant pay the sum of $1,000 in costs to plaintiff and, in addition, pay the costs of this appeal, all within 20 days after service of a copy of the order to be entered herein with notice of entry. In the event the conditions are complied with the matter is remanded for trial on the issue of damages only. In the event the conditions

are not complied with, judgment is affirmed, with costs. Plaintiff, a bulk producer of pharmaceuticals, sold certain products to a firm located in Fort Washington, Pennsylvania. The products were shipped from New Jersey via defendant, an interstate motor common carrier. The vehicle used in transport overturned on the highway and the products were destroyed. The parties thereafter sought to negotiate a settlement of plaintiff's claim. Their efforts were met with failure because of defendant's insistence that its liability was limited to a maximum of 50 cents per pound based on the weight of the goods shipped. Thereafter, in March, 1978, plaintiff brought this action. Defendant's answer, interposed in May, 1978, was limited to denials. Although it had asserted throughout the negotiations that its liability was limited, no such affirmative defense was set forth. Thereafter, plaintiff moved for summary judgment. In May, 1979, that motion was granted and the matter was set down for an assessment of damages. The assessment came on for trial on January 22, 1980. Some two months prior thereto, defendant, most belatedly, awoke to the fact that it had failed to assert the affirmative defense of limitation of liability. It then moved for leave to serve an amended answer setting forth the affirmative defense. The motion was denied on the basis of "gross laches". The matter then proceeded to trial and resulted in the judgment appealed from. The notice of appeal expressly brings before us for review the denial of the motion for leave to serve an amended answer. The facts disclose that the goods were shipped under a bill of lading on the printed form of plaintiff. At the bottom thereof, immediately above the signature of plaintiff's representative, is the legend: "The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding FIFTY CENTS per POUND". The Interstate Commerce Act (US Code, tit 49, § 1 et seq.) expressly precludes a common carrier from exempting itself from answerability to the holder of the bill of lading for full value of the property damaged while entrusted to it, notwithstanding any limitation of liability (US Code, tit 49, § 20, subd [11]). However, the same subdivision exempts from this over-all imposition of full liability "property, except ordinary livestock, received for transportation concerning which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released". The tariffs appended to defendant's papers on the motion to amend indicate that with respect to drugs, chemicals, medicines, toilet preparations and other articles named, the released value of the property shall not exceed 50 cents per pound. On the basis of the record submitted we cannot tell whether this tariff is applicable to the items shipped and we expressly refrain from passing thereon. In these circumstances, we conclude that defendant should have been permitted to amend its answer to include the affirmative defense of limitation of liability. However, we agree with the Trial Judge that defendant was guilty of negligent conduct in waiting until two months prior to the assessment of damages before making its motion. Eighteen months elapsed between the interposition of the answer and the motion to amend. Despite plaintiff's knowledge that defendant had previously claimed the benefit of the limitation of liability provision, there was no indication in the pleadings that it ought be prepared to meet it. Accordingly, we deem it appropriate to impose, as conditions for granting leave to amend, the payment by defendant of costs of $1,000 in addition to the

payment of the costs of this appeal, all of which shall be paid to plaintiff within 20 days after service of a copy of the order to be entered herein, with notice of entry. In the event that these conditions are not complied with, the judgment is affirmed, with costs. Concur — Birns, J. P., Sandler, Carro, Silverman and Bloom, JJ.